IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MRDJENOVICH, #Y37366, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Cause No. 3:20-cv-00324-RJD |
| ) | |
| MENARD CORRECTIONAL CENTER, ) | |
| N. BEBOUT, ) | |
| SGT. DOEDING, ) | |
| C/O JAMES, ) | |
| JOHN DOE 1, ) | |
| JOHN DOE 2, ) | |
| JANE DOE 1, and ) | |
| MENARD HEALTH CARE UNIT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**Daly , Magistrate Judge:**

Plaintiff Anthony Mrdjenovich, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Menard Correctional Center. He asserts violations of the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. [1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a Magistrate Judge and the Defendants' limited consent to the exercise of Magistrate Judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford Health Sources, and this Court.

legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): On December 3, 2019, Plaintiff was called out of his cell for a mental health appointment. C/O Campbell was working the east cell house sick and mental health care. C/O Campbell called him a "bitch" and Plaintiff struck C/O Campbell knocking him to the ground. C/O Wilson tackled Plaintiff and then, once he was on the ground, punched him in the back of the head. Plaintiff put his hands behind his back to show he was not resisting. He did not assault any other officers and did not receive any punches to his face or body at that time.

Plaintiff laid on the ground with his hands behind his back for approximately 15 seconds with four or five officers on him. He was not resisting. Sgt. Doeding then sprayed mace on Plaintiff's head and face. Handcuffs were placed on him so tight that his right hand went numb. As he was being escorted out of east house, C/O James and 2 John Does punched him in the torso and kneed him in the face, torso, and legs. Sgt. Doeding and Lt. Bebout watched the officers assault him and did not step in to stop it.

Plaintiff was escorted to the health care unit. His head was hanging toward the ground and C/O James kneed him in his right eye seven or eight times while other officers pulled up on his hands violently. C/O James and the 2 John Does hit Plaintiff's head on the health care unit gate to open it. They took him into the hallway and threw him to the ground. A few minutes later they took him in a room and slammed him face down on a medical table. They continued to assault him for two to three minutes. He felt

like he was going to die. They stopped when a nurse came by but then resumed assaulting him when she left. One of the officers tried to break his ankle.

Jane Doe Nurse checked his injuries but did nothing for him. His right eye was bruised and swollen shut, his left knee was cut open, mace was on his face and body, his right ankle was severely sprained, and his right hand was numb. He was escorted out of the health care unit and violently dragged to segregation. C/O James and the 2 John Does continued to assault him and then threw him in a cell handcuffed without any water. He was in excruciating pain and could barely stand. He put his face on the damp floor in the cell to help with the mace burning his face. Approximately twenty minutes later an officer moved him to a different cell where he was able to rinse his face and body with water from the sink.

Plaintiff was questioned about the assault on C/O Campbell but never asked how he sustained his injuries. He was transferred to Pontiac Correctional Center where his injuries were documented and he was provided medical treatment. He continues to have numbness and pain in his right hand, blurred vision in his right eye, PTSD, panic attacks, and nightmares.

## **Preliminary Dismissals**

Menard Correctional Center and Menard Health Care Unit are not persons subject to suit for money damages under section 1983 and will, therefore, be dismissed. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (holding the state and state agencies are not subject to suit under Section 1983 for money damages).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment excessive force claim against James, John Doe 1, John Doe 2 for assaulting Plaintiff on December 3, 2019, against Doeding for spraying Plaintiff with mace, and against Bebout and Doeding for failing to intervene to stop the assault.

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe 1 for failing to provide medical care for the injuries Plaintiff sustained in the assault on December 3, 2019.

Count 3: Eighth Amendment conditions of confinement claim against James, John Doe 1, and John Doe 2 for placing Plaintiff in a cell that lacked any means for him to clean the mace from his face and body.

Count 4: Failure to train claim against the Menard Warden and Bebout.

Any other claim that is mentioned in the Complaint, but not addressed in this Order, should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Count 1

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of

causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). A failure to intervene claim may be asserted against officers who were present when the inmate's constitutional rights were violated by a different officer if the officers had reason to know that excessive force was being used, and the officers had a "realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (*quoting Yang*, 37 F.3d at 284 (7th Cir. 1994)). Plaintiff's Complaint includes sufficient allegations to proceed on an excessive force claim against Doeding, James, John Doe 1, and John Doe 2 and a failure to intervene claim against Doeding and Bebout.

### Count 2

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must show that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff's Complaint includes sufficient allegations to proceed on deliberate indifference claim against Jane Doe 1.

### Count 3

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee*

*Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842. Plaintiff claims he was placed in a cell with no means to clean the mace from his face and body. Ordinarily, a short-term deprivation of access to facilities or sanitary supplies would not rise to the level of a constitutional violation. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986). However, Plaintiff had allegedly just been sprayed with a significant quantity of mace, violently assaulted, and was in physical distress. Under these circumstances, placing him in a cell that lacked any means for him to clean the chemical residue from his face and body could constitute cruel and unusual punishment. Therefore, Plaintiff's allegations are sufficient to proceed on the unconstitutional conditions of confinement claim in Count 3 against James, John Doe 1, and John Doe 2.

**Count 4**

Plaintiff alleges the Menard Warden and Lt. Bebout failed to train their officers on the way to conduct themselves during the incident. Plaintiff cannot state a claim against the Menard Warden because he is not named as a defendant. *See* Fed.R.Civ.P 10(a) (the names of all parties must be included in the case caption); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against

individual mentioned in body of Complaint but not specified in the caption).

Further, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. De Vito,* 972 F.2d 871, 877 (7th Cir. 1992). Plaintiff refers to only one event and makes no mention of any policy, custom, or training procedure. There are no allegations regarding any training program or how it is inadequate. Simply put, Plaintiff's conclusory allegation is insufficient to state a claim. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Accordingly, Count 4 will be dismissed.

## Identification of Doe Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the John and Jane Doe Defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Menard Correctional Center will be added in his or her official capacity to respond to discovery aimed at identifying the Doe Defendants. Guidelines for discovery will be set by the undersigned judge. Once the names of the Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendant for the Doe Defendants.

## Disposition

The following claims will proceed in this action:  Count 1 against N. Bebout, Sgt.

Doeding, C/O James, John Doe 1, and John Doe 2; Count 2 against Jane Doe 1; and Count 3 against C/O James, John Doe 1, and John Doe 2. Count 4 is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard Correctional Center in his or her official capacity as a defendant to respond to discovery aimed at identifying the Doe Defendants.

Menard Correctional Center and Menard Health Care Unit are **DISMISSED** with prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk shall prepare for N. Bebout, Sgt. Doeding, C/O James, and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance. Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions and to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.