IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MRDJENOVICH, #Y37366, | ) |
| | ) |
|     Plaintiff, | ) |
| vs. | )  Cause No. 3:20-cv-00324-RJD |
| | ) |
| NICHOLAS BEBOUT, | ) |
| KIRK DOEDING, | ) |
| J. SMITH, | ) |
| A. ESTES, | ) |
| J. GOLLIHER, and | ) |
| ANGIE WALTER, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**Daly , Magistrate Judge:**

Plaintiff Anthony Mrdjenovich, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Menard Correctional Center ("Menard"). Following preliminary review of the Complaint (Doc. 15), Plaintiff was allowed to proceed on the following claims:

    Count 1:    Eighth Amendment excessive force claim against James, John Doe 1, John Doe 2 for assaulting Plaintiff on December 3, 2019, against Doeding for spraying Plaintiff with mace, and against Bebout and Doeding for failing to intervene to stop the assault.

    Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe 1 for failing to provide medical care for the injuries Plaintiff sustained in the assault on December 3, 2019.

    Count 3:    Eighth Amendment conditions of confinement claim against

>James, John Doe 1, and John Doe 2 for placing Plaintiff in a cell that lacked any means for him to clean the mace from his face and body.

This case is now before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Doc. 38). Plaintiff seeks to dismiss a defendant, add a defendant, and identify the Doe defendants. Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's motion to amend was filed more than 21 days after service of the Complaint but within the time frame set for filing such a motion in the Initial Scheduling and Discovery Order (Doc. 26). Defendants have not consented to the filing of the amended pleading. Upon review of the First Amended Complaint, the Court grants Plaintiff's motion and will direct the Clerk of Court to file the First Amended Complaint.

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: On December 3, 2019, Plaintiff was called out of his cell for a mental health appointment. Correctional officer Campbell called him a "bitch" and Plaintiff struck Campbell

knocking him to the ground. Correctional officer Wilson tackled Plaintiff and then, once he was on the ground, punched him in the back of the head. Plaintiff put his hands behind his back to show he was not resisting. He did not assault any other officers and did not receive any punches to his face or body at that time.

Plaintiff laid on the ground with his hands behind his back for approximately 15 seconds with four or five officers on him. Even though he was not resisting, Sgt. Doeding sprayed mace on Plaintiff's head and face. Handcuffs were placed on him so tight that his right hand went numb. As he was being escorted out of east house, correctional officers J. Smith, A. Estes, and J. Golliher punched him in the torso and kneed him in the face, torso, and legs. Sgt. Doeding and Lt. Bebout watched the officers assault him and did not step in to stop it.

Plaintiff was escorted to the health care unit by Smith, Estes, and Golliher. His head was hanging toward the ground and one of the officers kneed him in his right eye seven or eight times while the other officers pulled up on his hands violently. They hit Plaintiff's head on the health care unit gate to open it. They took him into the hallway and threw him to the ground. A few minutes later they took him in a room and slammed him face down on a medical table. They continued to assault him for two to three minutes. He felt like he was going to die. They stopped when a nurse came by but then resumed assaulting him when she left. One of the officers tried to break his ankle.

Nurse Angie Walter checked his injuries but did nothing for him. His right eye was bruised and swollen shut, his left knee was cut open, mace was on his face and body, his right ankle was severely sprained, and his right hand was numb. He was escorted out

of the health care unit and violently dragged to segregation. Smith, Estes, and Golliher continued to assault him and then threw him in a cell handcuffed without any water. He was in excruciating pain and could barely stand. He put his face on the damp floor in the cell to help with the mace burning his face. Approximately twenty minutes later an officer moved him to a different cell where he was able to rinse his face and body with water from the sink.

Plaintiff was questioned about the assault on Campbell but never asked how he sustained his injuries. He was transferred to Pontiac Correctional Center where his injuries were documented and he was provided medical treatment. He continues to have numbness and pain in his right hand, blurred vision in his right eye, PTSD, panic attacks, and nightmares.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment excessive force claim against J. Smith, A. Estes, and J. Golliher for assaulting Plaintiff on December 3, 2019, against Doeding for spraying Plaintiff with mace, and against Bebout and Doeding for failing to intervene to stop the assault.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Angie Walter for failing to provide medical care for the injuries Plaintiff sustained in the assault on December 3, 2019.
>
> Count 3: Eighth Amendment conditions of confinement claim against J. Smith, A. Estes, and J. Golliher for placing Plaintiff in a cell that lacked any means for him to clean the mace from his face and body.

Any other claim that is mentioned in the First Amended Complaint, but not addressed in

this Order, should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). A failure to intervene claim may be asserted against officers who were present when the inmate's constitutional rights were violated by a different officer if the officers had reason to know that excessive force was being used, and the officers had a "realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (*quoting Yang*, 37 F.3d at 284 (7th Cir. 1994)). Plaintiff's First Amended Complaint includes sufficient allegations to proceed on an excessive force claim against J. Smith, A. Estes, J. Golliher, and Doeding and a failure to intervene claim against Doeding and Bebout.

**Count 2**

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must show that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff's First Amended Complaint includes sufficient allegations to proceed on deliberate indifference claim against Angie Walters.

**Count 3**

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842. Plaintiff claims he was placed in a cell with no means to clean the mace from his face and body. Ordinarily, a short-term deprivation of access to facilities or sanitary supplies would not rise to the level of a constitutional violation. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986). However, Plaintiff had allegedly just been sprayed with

a significant quantity of mace, violently assaulted, and was in physical distress. Under these circumstances, placing him in a cell that lacked any means for him to clean the chemical residue from his face and body could constitute cruel and unusual punishment. Therefore, Plaintiff's allegations are sufficient to proceed on the unconstitutional conditions of confinement claim in Count 3 against J. Smith, A. Estes, and J. Golliher.

## Pending motions

Plaintiff has two pending motions related to identification of Jane Doe 1 in the Complaint. (Docs. 32, 40). Those motions are moot based on the filing of the First Amended Complaint which has identified that individual.

## Disposition

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 38) is **GRANTED** and the Clerk of Court is **DIRECTED** to **FILE** the **FIRST AMENDED COMPLAINT** submitted by Plaintiff with his motion. Plaintiff's Motion to Substitute Specific Defendant (Doc. 32) and Motion to Correct Incorrectly Spelled Name or Substitute Specific Defendant (Doc. 40) are **DENIED as moot**.

The following claims will proceed based on the allegations in the First Amended Complaint: Count 1 against Nicholas Bebout, Kirk Doeding, J. Smith, A. Estes, and J. Golliher; Count 2 against Angie Walter; and Count 3 against J. Smith, A. Estes, and J. Golliher. Joshua James, who was a defendant in the Complaint but is not a Defendant in the First Amended Complaint is **DISMISSED** without prejudice. Additionally, the Warden of Menard Correctional Center, who was added as a defendant to respond to discovery aimed at identifying the Doe Defendants is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **TERMINATE** Joshua James and the Warden of Menard Correctional Center as defendants.

The Clerk shall prepare for J. Smith, A. Estes, J. Golliher, and Angie Walter: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full

amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 31, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions and to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.