IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MRDJENOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:20-cv-324-RJD |
| | ) |
| NICHOLAS BEBOUT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 regarding an incident that occurred at Menard Correctional Center on December 3, 2019. Doc. 1. Plaintiff filed Eighth Amendment claims against all Defendants, alleging that Defendants Doeding and Bebout failed to intervene as Defendants Smith, Estes, and Golliher assaulted Plaintiff. Doc. 15. Defendant Doeding allegedly sprayed Plaintiff with mace, and he was placed in a cell by Defendants Smith, Estes, and Golliher without any means to clean the mace from his eyes and face. *Id*. Plaintiff further alleged that Defendant Walter failed to provide any medical treatment for his injuries and refused to provide him any medical treatment. *Id*. He was subsequently transferred to Pontiac Correctional Center where his injuries were documented and treated. *Id*.

Approximately 20 months after he filed the case, and while he was still incarcerated at Pontiac Correctional Center, Plaintiff filed a Motion to Dismiss, contending that he wanted to forgive Defendants. Doc. 118. Defendants had no objection, and this case was dismissed without prejudice.

More than two years later, Plaintiff filed a "Motion for Leave to Reinstate Proceedings." Doc. 122. Plaintiff contends that since he dismissed the case, he has "acquired newly discovered evidence." *Id*. He explains that while this case was pending, staff members at Pontiac interfered with his mail and kept him in segregation so that he could not investigate his claims. Then he transferred to Lawrence Correctional Center where he was placed in administrative detention. *Id*. He is now in protective custody and feels "safe and unafraid of retaliation by staff." *Id*. He now has meaningful access to the law library. *Id*. The "newly discovered evidence" is affidavits by other inmates, corroborating Plaintiff's allegations of staff assault. *Id*., 4-7. Plaintiff did not know that the other inmates witnessed the assault by Defendants.

Federal Rule of Civil Procedure 60(b) allows the Court to "relieve a party…from a final judgment, order, or proceeding" for certain reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)." [1] Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Eskridge v. Cook Cty*, 577 F.3d 806, 809 (internal citations and quotations omitted). No such exceptional circumstances are present in this case. The Court understands that, until this year, Plaintiff did not know his assault was witnessed by other inmates. However, in order to find that "newly discovered evidence" justifies relief under Rule 60(b), Plaintiff must establish that "a new trial would probably produce a new result." *Martin v. Actavis Pharma, Inc*. 71 F. 4th 617, 621 (7th Cir. 2023). Plaintiff cannot make such a showing because there was no trial or order on summary judgment.

The decision to voluntarily dismiss a claim does not justify relief under Rule 60(b) simply because the claimant later regrets the decision. *Eskridge*, 577 F. 3d at 810. While Plaintiff did

---

[1] Rule 59(b) allows the Court to alter a judgment within one year of entry of final judgment.

not know others had witnessed his assault when he voluntarily dismissed the case, he never asked the Court for more time to conduct discovery. Accordingly, Plaintiff's request for relief under Rule 60(b) is DENIED. After Plaintiff filed the initial "Motion for Leave to Reinstate Proceedings," he filed two additional motions, repeating the request. Docs. 125 and 126. Those motions are also DENIED. Plaintiff also filed two Motions for Status (Doc. 123 and 127); those motions are granted to the extent that today's order informs Plaintiff that his Motions for post-judgment relief are denied.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**